UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY L. BECKWITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1098 CDP |
| | ) | |
| CHRIS KOSTER, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on the petition of Timothy Beckwith for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is no longer in state custody, so this action is dismissed for lack of jurisdiction.

**Background**

On July 28, 2004, the State of Missouri charged petitioner with several counts of statutory rape, child abuse, and use of a child in sexual performance. *Missouri v. Beckwith*, No. 2104R-02261-01 (St. Louis County). He pled guilty on March 13, 2006. On May 26, 2006, the court sentenced him to twenty-five years' imprisonment. He did not file an appeal. Nor did he file a motion for postconviction relief.

Simultaneously, the United States charged petitioner with production of child pornography. *United States v. Beckwith*, No. 4:04-CR-493 RWS (E.D. Mo.).

Petitioner pled guilty on March 2, 2006. The Court sentenced him to fifteen years' imprisonment on May 25, 2006. He did not appeal. Nor he did not file a motion to vacate under 28 U.S.C. § 2255.

Petitioner's state court judgment specifies that his state sentence should run concurrent to his federal sentence. Additionally, during petitioner's federal sentencing hearing, the Hon. Rodney W. Sippel, United States District Judge, stated that his federal sentence would run concurrent to his state sentence. *United States v. Beckwith*, No. 4:04-CR-493, Tr. filed April 26, 2016.

Petitioner's allegations show that he served his state sentence before being transferred to the Federal Bureau of Prisons. He is currently incarcerated at USP Florence – High, in Florence Colorado.

Petitioner says that he did not file any appeals from either of his judgments because he is schizophrenic and was mentally incompetent to prepare any such filings.

In the instant petition, petitioner says he pled guilty in the state case based on the promises of the court and his attorney that his state sentence would be served concurrently with his federal sentence. He claims that the BOP, however, is refusing to honor the state court's order and is running his federal sentence

consecutive to his state sentence.[1] Therefore, he believes his current incarceration is in violation of the Due Process Clause. He further believes that his state counsel was ineffective for recommending the plea, and he alleges that his plea was involuntary.

## Discussion

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Where, as is the case here, the sentence under challenge has fully expired, the custody requirement is not met. *Id.*; *see Mays v. Dinwiddie*, 580 F.3d 1136, 1140-41 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1022 (2009) (petitioner who was still serving the longer of two concurrent sentences, but had already completed serving the shorter of the two concurrent sentences and the shorter sentence was not used to enhance the longer sentence, was not "in custody" for purposes of challenging the constitutionality of the shorter sentence).

---

[1] According to the BOP's website, petitioner has a projected release date of March 21, 2020. So, petitioner appears to be mistaken about whether the BOP has run his federal sentence consecutive to his state sentence.

3

Because petitioner is not in the custody of the Missouri Department of Corrections, the Court lacks jurisdiction to hear the matter.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 28th day of November, 2016.

                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE